IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTONIO-DEVON SMITH,

    Plaintiff,

v.                                        CIVIL ACTION NO. 2:25-cv-00131

CHARLESTON POLICE DEPARTMENT, et al.,

    Defendants.

**ORDER**

This matter is before the Court on the *Motion to Stay Pending Resolution of Motions to Dismiss* filed by the four named Defendants in this civil action: (1) the Charleston Police Department, (2) the West Virginia Judiciary,[1] (3) Victor & Victor LLP, and (4) South Central Regional Jail (collectively, the "Defendants"). (ECF No. 37). For the reasons set forth herein, **IT IS ORDERED** that Defendants' motion is **GRANTED**.

**I.    DISCUSSION**

This civil action stems from Plaintiff's arrest and detention in Kanawha County, West Virginia, in January 2025. (ECF No. 1). Plaintiff seeks a permanent injunction enjoining Defendants from, *inter alia*, engaging in false arrests; additionally, he seeks return of items taken from his person during the arrest, as well as dismissal of the criminal charges brought against him in state court. *Id*. at 3. In response, each of the named Defendants filed a motion to dismiss Plaintiff's claims against them. (*See* ECF Nos. 15;

---

[1] This Defendant is named in Plaintiff's Complaint as "the Magistrate/Circuit Court." (*See* ECF No. 1). However, Defendant identifies itself in its briefing as the "West Virginia Judiciary." (*See* ECF No. 29).

27; 29; 34). Subsequently, Defendants jointly filed their subject motion to stay discovery pending resolution of these threshold motions. (ECF No. 37).

In their subject motion to stay, Defendants seek a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure staying the discovery phase of this matter until resolution of Defendants' pending threshold motions. *See id.* Plaintiff Antonio-Devon Smith ("Plaintiff"), who is proceeding pro se, filed a timely response in opposition to the motion on March 31, 2025. (ECF No. 49). Therein, Plaintiff argues that a stay would result in undue prejudice to him; further, he argues that the Defendants failed to demonstrate good cause for a delay. *See id.* Plaintiff further argues that Defendants would not be unduly burdened by the discovery requests he served on them, because "no scheduling order has been entered, and no depositions or document production deadlines have been imposed." (ECF No. 50 at 2). Defendants filed a reply in support of their motion, (*see* ECF No. 66), and it is now ripe for adjudication.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Clark v. Appalachian Power Co.*, 2:24-cv-00424, 2025 WL 72165, at *2 (S.D.W. Va. Jan. 10, 2025) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In particular, this Court "has the broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." *Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap., LLC*, 1:21-cv-515, 2022 WL 16836202, at *1 (M.D.N.C. Sept. 15, 2022). This "inherent power" can be exercised by the Court to "achieve equity and to ensure the efficient management of its docket." *Id.*

"The determination by a district judge in granting or denying a motion to stay

proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Clark*, 2025 WL 72165, at *2 (citing *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). "In making this determination, the district court has broad discretion." *Id.* "Even with the court's broad discretion, however, the party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)). In determining whether the movant has met this burden, the Court must consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id.* (citing *White v. Ally Fin. Inc.*, 969 F.Supp.2d 451, 462 (S.D.W. Va. 2013)).

On balance, the undersigned **FINDS** that the first two factors—the interests of judicial economy and hardship and equity to the moving party if the action is not stayed—substantially outweigh the potential prejudice to the non-moving party under the circumstances of this case. Importantly, Defendants seek dismissal on the grounds that, *inter alia*, Plaintiff may not pursue his claims in this Court due to the principles of *Younger* abstention. (*See, e.g.*, ECF No. 16 at 9). "Federal district courts often stay discovery pending the outcome of dispositive motions that will terminate the case." *Cleveland Const., Inc. v. Schenkel & Schultz Architects, P.A.*, No. 3:08-cv-407, 2009 WL 903564, at *2 (W.D.N.C. Mar. 31, 2009) (unpublished). *See also, e.g., Mystic*, 2022 WL 16836202, at *1 (finding that "the interests of judicial economy weigh in favor of a stay since resolution of Defendants' second motion to compel arbitration and stay proceedings could have a potentially dispositive effect on this case"); *Pace v. Smith*, 4:11-cv-00211,

3

2012 WL 1922355, at *1 (E.D.N.C. May 25, 2012) (granting the defendant law enforcement officials' motion for stay of discovery pending the district court's resolution of their defense of qualified immunity in a § 1983 action).

This Court granted a stay of discovery under similar circumstances in *Rank v. Jenkins*, 2:04-cv-0997, 2005 WL 1009625, at *1 (S.D. W. Va. Apr. 28, 2005). The plaintiffs in *Rank* brought a § 1983 claim alleging that two state actors arrested them in violation of their First Amendment rights. *See id.* Much like Plaintiff in this case, the plaintiffs in *Rank* sought, *inter alia*, a declaration that the actions of the defendants were unconstitutional, and prospective injunctive relief prohibiting the defendants from engaging in such actions in the future. *Id.* The defendants filed a motion to dismiss shortly after the *Rank* plaintiffs brought suit, asserting that the complaint should be dismissed because as governmental officials the defendants were entitled to qualified immunity. *See id.* The defendants in *Rank* then sought a stay of civil discovery pending the Court's resolution of the motions. *Id.* The Court in *Rank* found that staying all proceedings "other than briefing with respect to the motion to dismiss" was appropriate under the circumstances, particularly when the defendants' basis for seeking dismissal—qualified immunity—included "an entitlement not to stand trial or face the other burdens of litigation." *Id.* at *2-3.

Here, as in *Rank*, Defendants' central basis for seeking dismissal goes not to the merits of Plaintiffs' claims, but rather challenges Plaintiff's ability to pursue his claims in this Court in the first place. Just as the Court found in *Rank*, here such circumstances suggest that "the better course is to allow the stay" to determine whether Plaintiff may proceed in this Court from the outset prior to moving forward with the discovery phase on Plaintiff's claims.

## II. CONCLUSION

Accordingly, for the foregoing reasons, Defendants' *Motion to Stay Pending Resolution of Motions to Dismiss* (ECF No. 37) is hereby **GRANTED**.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to terminate ECF No. 37, to modify the case caption and docket to reflect the Defendant Magistrate/Circuit Court's self-identification as the West Virginia Judiciary; and to send a copy of this Order to counsel of record and any unrepresented party.

ENTERED: July 9, 2025

_____
Dwane L. Tinsley
United States Magistrate Judge